*Chen v. Bondi*

BIA
Wright, IJ
A200 173 966

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of March, two thousand twenty-six.

PRESENT:
> JON O. NEWMAN,
> RICHARD J. SULLIVAN,
> BETH ROBINSON,
> > *Circuit Judges.*

_____

YANG CHUN CHEN,
> *Petitioner,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

23-6366 (L),
24-754 (con)
NAC

FOR PETITIONER:              Jay Ho Lee, Jay Ho Lee Law Offices LLC, New York, NY.

FOR RESPONDENT:              Brian Boynton, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Spencer Shucard, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of these petitions for review of decisions of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petitions for review are DENIED.

Petitioner Yang Chun Chen, a native and citizen of the People's Republic of China, seeks review of an April 3, 2023, decision of the BIA affirming a June 25, 2019, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and a March 11, 2024, decision of the BIA denying his motion to reopen for consideration of additional evidence in support of that application. *In re Yang Chun Chen*, No. A 200 173 966 (B.I.A. Apr. 3, 2023 & Mar. 11, 2024), *aff'g* No. A 200 173 966 (Immig. Ct. N.Y.C. June 25, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

As a preliminary matter, Chen has abandoned review of the BIA's April

2023 decision affirming the IJ's denial of relief because his brief challenges only the denial of reopening. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (internal quotation marks omitted)). Our review is thus limited to the denial of reopening. We review the denial of a motion to reopen for abuse of discretion but review findings regarding changed country conditions for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

Chen's September 2023 motion was indisputably filed after the 90-day deadline for reopening following the BIA's April 2023 decision. *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). However, the 90-day time limit does not apply if the petitioner files a motion seeking asylum "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered," provided that the evidence "is material and was not available and would not have been discovered or presented at the previous proceedings." *Id.* § 1229a(c)(7)(C)(ii); *see also id.* § 1003.2(c)(3)(ii). "When

3

reviewing whether [a movant's] evidence established changed country conditions, the BIA must 'compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below.'" *Tanusantoso v. Barr*, 962 F.3d 694, 698 (2d Cir. 2020) (quoting *In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007)).

Because Chen did not allege past persecution, he had the burden to demonstrate a well-founded fear of future persecution. 8 C.F.R. § 1208.13(a), (b)(2). An applicant can establish a well-founded fear either by showing (1) a reasonable possibility that he would be "singled out individually for persecution" or (2) a "pattern or practice" of persecution of a group of "persons similarly situated" to the applicant. *Id.* § 1208.13(b)(2)(iii); *see also Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013); *In re A-M-*, 23 I. & N. Dec. 737, 741 (B.I.A. 2005) (defining a pattern or practice of persecution as the "systemic or pervasive" persecution of a group). To prevail on a pattern-or-practice claim when persecutory acts vary by locality, the agency may require a showing of systemic or pervasive persecution in the applicant's home region. *See Jian Hui Shao*, 546 F.3d at 169–72; *see also Jian Liang v. Garland*, 10 F.4th 106, 117 (2d Cir. 2021) (concluding that applicant failed to demonstrate a well-founded fear of persecution because "the treatment of Christians in China varies by locality" and the applicant did not provide evidence

4

of persecution in his home province of Fujian). In his motion to reopen, Chen sought to pursue only a pattern-or-practice theory for relief, arguing that there had been a material deterioration in conditions for Catholics who practice in underground churches in Fujian Province.

Substantial evidence supports the agency's conclusion that Chen did not demonstrate a material worsening of conditions for Catholics in Fujian Province between his 2019 hearing and his 2023 motion to reopen. The record before the IJ included a U.S. State Department Report for 2017, the 2019 report of the U.S. Commission on International Religious Freedom, and photographs of underground churches that the Chinese government had demolished in Fujian Province. It reflected government efforts to restrict religious practice, particularly outside government-backed religious organizations, including with the detention and beatings of Christian house church leaders and parishioners in some areas of China and the detention of a Catholic bishop in Fujian Province, the destruction of churches and church property, and an increased effort to repress underground Catholic churches in late 2018. The only evidence presented with the motion to reopen—a U.S. State Department Report for 2022—likewise states that Chinese authorities continued efforts to control religious groups, harassed and imprisoned clergy who refused to join a state-sponsored religious group, and

5

destroyed religious property. Like the earlier record, this report shows some instances of abuses of Catholics who attend underground churches in Fujian Province, but the agency reasonably concluded that such abuse was not systemic and pervasive, and that there was not a material worsening of conditions for Catholics similarly situated to Chen. *See In re S-Y-G-*, 24 I. & N. Dec. at 257 (holding that "incremental or incidental" change does not satisfy the requirements for a late motion to reopen based on changed country conditions).

Chen argues that the BIA's two decisions are irreconcilable because the record on reopening included evidence of persecution of Christians who practice in underground churches in Fujian Province, and the BIA had found that the original record "did not show persecution of underground Christians in Fujian." Petitioner's Br. at 7–8. But this argument mischaracterizes the original decision, which did not find that there was *no* evidence of persecution of underground Christians in Fujian (a finding that would have been incorrect, given the evidence discussed above), but rather that, while some Catholics in some areas of China were persecuted, Chen's evidence did not demonstrate sufficiently systematic and pervasive abuse in Fujian Province to establish pattern or practice of persecution.

Accordingly, the record does not compel the conclusion that Chen demonstrated a material change in country conditions, and the agency did not

6

abuse its discretion in denying his motion to reopen as untimely. *See* 8 U.S.C. § 1252(b)(4)(B) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *id.* § 1229a(c)(7)(C); *INS v. Abudu*, 485 U.S. 94, 104–05, 110 (1988) (holding that the movant bears the burden to introduce evidence in support of a motion to reopen).

For the foregoing reasons, the petitions for review are DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7